IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

KEON JACKSON,

Defendant.

Case No. 16-MJ-224

ORDER FOR PRETRIAL DETENTION

On the 12th day of September, 2016, this matter came on for hearing on the Government's request to have the Defendant detained pending further proceedings and the Defendant's request for a preliminary hearing. The Government was represented by Special Assistant United States Attorney Drew R. Smith. The Defendant appeared personally and was represented by his attorney, Christopher J. Nathan.

## I. RELEVANT FACTS AND PROCEEDINGS

On September 2, 2016, Defendant Keon Jackson was charged by Criminal Complaint (docket number 2) with being an illegal drug user in possession of a firearm. At the hearing, Office Edward Savage of the Waterloo Police Department testified regarding the circumstances underlying the instant charge.[1] On June 18, 2016, a Black Hawk County sheriff's deputy conducted a traffic stop. The deputy believed the occupants of the vehicle were "acting nervous" and he called for back-up. Disregarding the deputy's instructions, Defendant exited the vehicle, telling the deputy he had to urinate. A second deputy arriving at the scene observed Defendant walk back to the vehicle, lean in, and then start to walk off. The second deputy observed a white object stuck in Defendant's waistband, which Defendant then threw to the ground. When confronted by the second deputy, Defendant picked up the white object and began to run. Defendant then discarded

---

[1] Officer Savage is currently assigned to the FBI Safe Streets Task Force.

the white object, which was located and found to be a purse containing a handgun. Defendant subsequently admitted he had purchased the handgun "for protection." Defendant also admitted he smokes K-2 daily or every other day, and a urine sample submitted by Defendant on June 18 tested positive for marijuana.

Defendant, age 18, was born in Chicago but moved to Iowa in early 2014. His father lives in North Carolina, his mother and two siblings live in Chicago, and his third sibling lives in Minnesota. Prior to his arrest, Defendant was living with his cousin, DaMear Jackson, who is currently on probation for theft in the third degree and possession of a controlled substance, and has prior convictions for interference with official acts and possession of drug paraphernalia. It was suggested Defendant could live with his father in North Carolina, but his father lied to the pretrial services officer regarding his prior criminal convictions and, in fact, has numerous felonies and previously served time in prison in Illinois.

Defendant is single and has never been married, although it was reported that his 15-year-old girlfriend is pregnant. Defendant is in generally good health, but his only formal employment was for two months at a Burger King in 2013. Defendant received mental health treatment in Chicago, but could not recall the diagnosis. Apparently, however, Defendant was prescribed an antidepressant. Defendant told the pretrial services officer that he uses marijuana approximately three times per month, with his last use on May 6, 2016.

Defendant's criminal history began in March 2015 when, at age 16, he was charged with carrying weapons (a throwing knife) and possession of marijuana. Two months later, while the first charges were pending, Defendant was charged with shoplifting a package of t-shirts. Two months after that, while the Iowa charges were still pending, Defendant was charged in Cook County, Illinois, with gang loitering and obstruction or interference with traffic. The Iowa charges were subsequently dismissed and the disposition of the Illinois charge is unknown.

On February 22, 2016, Defendant was charged with theft in the second degree after he and another person allegedly took more than $1,000 of property from a department store. Following a search of Defendant's residence, he was also charged with possession with intent to deliver marijuana and a drug tax stamp violation. During a search of Defendant's home, officers found a significant amount of marijuana, plastic baggies, a digital scale, numerous baggies with torn corners, cell phones, and other related items. Those charges are still pending in state court.

On May 30, 2016, Defendant was charged with disorderly conduct after allegedly causing a disturbance by "waving a gun around and threatening people." Officers located Defendant and he was found to have a black pellet gun concealed in the front of his pants. He was also found in possession of marijuana and was charged with possession of a controlled substance, first offense. Those charges are also pending.

As noted above, the incident giving rise to the instant charge occurred on June 18, 2016, while the other state charges were pending. State charges arising from the June 18 traffic stop were dismissed after Defendant was indicted in federal court.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the

3

court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or

4

alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

## B. Analysis

Turning to the facts in the instant action, Defendant is charged with being an illegal drug user in possession of a firearm. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to 18 U.S.C. § 3142(f)(1)(E).

Guns and drugs are a dangerous combination. The weight of the evidence is strong. Defendant admits purchasing a handgun "for protection," while routinely using a controlled substance. Just 18 days prior to this incident, Defendant was allegedly "waving a gun around and threatening people," albeit with a pellet gun. Defendant does not have a stable residence and, in fact, it is unclear where Defendant would live if released. Furthermore, he does not have stable employment. Defendant continues to commit crimes while other charges are pending. Importantly, he attempted to flee when confronted by officers on June 18. Defendant's Facebook photographs show Defendant apparently likes guns and apparently likes to smoke marijuana. Officer Savage testified Defendant is a gang member and one of the photographs shows Defendant flashing a gang hand sign. Defendant told officers that he has killed people in Chicago. The Court has no confidence that Defendant would comply with any terms or conditions which it may impose for his release.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will

reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained pending further proceedings. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Court finds probable cause exists that Defendant committed the crime described in the Criminal Complaint.

2. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

3. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

4. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 13th day of September, 2016.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA